UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| CORNELL MACK, | : | |
| Plaintiff, | : | |
| v. | : | No. 1:08-cv-776 (HHK) |
| CHRISTOPHER RITCHIE, *et al.*, | : | |
| Defendants. | : | |

**DEFENDANTS SARAH HOFFMAN'S, DAVID WILDEY'S AND
5TH DISTRICT POLICE DEPARTMENT'S ANSWER TO THE COMPLAINT**

The Defendants Sarah Hoffman, David Wildey and the 5th District Police Department, by and through the Office of the Attorney General for the District of Columbia, answer the complaint in like numbered paragraphs.

**FIRST DEFENSE**

The complaint fails to state a claim upon which relief can be granted.

**SECOND DEFENSE**

The Defendants admit that Plaintiff brings this action pursuant to 42 U.S.C. § 1983 but the Defendants deny all other allegations contained the first section of the complaint.

**I.    SUCESSIVE CLAIMS**

This Section does not contain allegations from Plaintiff, and so no response is required.

**II.    PREVIOUS LAWSUITS**

The Defendants have insufficient information to admit or deny the assertions made by Plaintiff in this section.

### III.  PLACE OF CONFINMENT

The Defendants have insufficient information to admit or deny that Plaintiff place of confinement is the DC Jail.

    A.  The Defendants admit the allegations in this sub-section.

    B.  The Defendants admit the allegations in this sub-section.

    C.  Sub-section C requires no response because it contains no allegations from Plaintiff.

    D.  The Defendants deny the allegations in this sub-section.

    E.  The Defendants admit the allegations in this sub-section.

    F.  Sub-section F requires no response because it contains no allegations from Plaintiff.

### IV.  PARTIES

A.  The Defendants have insufficient information to admit or deny the allegations contained in this paragraph.

B.  The Defendants admit the allegations contained in this paragraph.

### V.  STATEMENT OF CLAIM

Defendants deny that the stooped plaintiff.  Defendants admit that Plaintiff was talking to a female in a car.  Defendants have insufficient information to admit or deny that the female was a friend of Plaintiff.  Defendants deny that they asked Plaintiff for identification.  Defendants deny that they asked Plaintiff is there was anything they should know about.  Defendants admit that Plaintiff handed Defendant Officer Hoffman a cup of alcohol.  Defendants deny that Plaintiff was taken to the ground by Officer Ritchie.  Defendant Officer Hoffman admits that she helped Officer Ritchie. Defendant Officer Hoffman admits that she had a hold of Plaintiff left arm and Officer

Ritchie had a hold of Plaintiff's right arm. Defendant Wildey admits that he held Plaintiff's legs. Defendant Officer Wildey denies that he roughed-up Plaintiff. Defendant Wildey denies that he slammed, punched and hit Plaintiff in his legs and knees. Defendants admit that Plaintiff was transported to the 5th District police station and taken to a hospital. Defendants deny that a PD 313 was not completed. Defendants have insufficient information to admit or deny that Plaintiff has pains in elbows and knees.

## VI.    RELIEF

The Defendants deny that plaintiff is entitled to recover money damages, punitive damages, injunctive relief, court costs, attorney fees or any damages or any relief whatsoever.

### THIRD DEFENSE

Further answering the complaint, the Defendants deny all allegations not specifically admitted or otherwise answered, including allegations of, assault, excessive force, deprivation of constitutional and civil rights and intentional infliction of emotional distress.

### FOURTH DEFENSE

If Plaintiff was injured or damaged as alleged, such injuries were the result of his own intentional, illegal or otherwise wrongful conduct.

### FIFTH DEFENSE

If Plaintiff was injured and damaged as alleged in the complaint, such injuries and damages were the result of a person or persons other than the District, its employees, agents and servants acting within the scope of their employment.

### SIXTH DEFENSE

3

Plaintiff may have failed to fully comply with the mandatory notice requirements of D. C. Code Section 12-309 (2001).

## SEVENTH DEFENSE

Plaintiff may have failed to mitigate his damages.

## EIGHTH DEFENSE

If Plaintiff was injured or otherwise damaged as alleged in the complaint, such injuries and/or damages were the result of the plaintiffs' sole, joint, or concurring negligence with a person or persons other than the District, its agents, employees or servants acting within the scope of employment.

## NINTH DEFENSE

The action may be barred by issue or claim preclusion.

## TENTH DEFENSE

The action may be barred by the statute of limitations.

## ELEVENTH DEFENSE

The Defendants asserts immunity, absence of bad faith and absence of gross negligence.

## TWELVETH DEFENSE

The 3rd District Police Department is non *sui juris*.

## SET-OFF

The District asserts a set-off against any judgment rendered against it for all funds and services provided to or on behalf of Plaintiff, including medical care.

## JURY DEMAND

The Defendants hereby demand a trial by jury on all issues so triable.

4

        Respectfully submitted,

        PETER J. NICKLES
        Interim Attorney General for the
        District of Columbia

        GEORGE C. VALENTINE
        Deputy Attorney General
        Civil Litigation Division

        /s/ Samuel C. Kaplan/s/_____
        SAMUEL C. KAPLAN [463350]
        Assistant Deputy Attorney General

        /s/David A. Jackson/s/_____
        DAVID A. JACKSON [471535]
        Assistant Attorney General
        Office of the Attorney General
        441 Fourth Street, NW, 6 South
        Washington, D.C. 20001
        Direct Line: (202) 724-6618
        Facsimile: (202) 727-3625
        E-mail: davida.jackson@dc.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 27TH day of June, 2008, the foregoing ANSWER was served by first class mail postage pre-paid upon:

Cornell Mack
DC #270-261
DC Jail
1901 D Street, SE
Washington, D.C. 20003

        /s/David A. Jackson/s/
        David A. Jackson
        Assistant Attorney General